UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KHA'SUN CREATOR ALLAH,

       Plaintiff,

 v.            Civil No. 9:19-CV-00839
               (MAD-CFH)

OSMAN YILDIZ, et al.,

       Defendants.

---

## PLAINTIFF'S TRIAL BRIEF

             **HODGSON RUSS LLP**
             *Attorney for Plaintiff*
             *Kha'sun Creator Allah*
             677 Broadway, Suite 401
             Albany, New York 12207
             Telephone: (518) 433-2445
             cjsoller@hodgsonruss.com

Christian J. Soller
*Of Counsel*

# INTRODUCTION

Plaintiff Kha'sun Creator Allah submits the following trial brief pursuant to the Court's Trial Notice of January 18, 2024.

The issue to be resolved at the trial of this matter is whether the plaintiff's Eighth Amendment rights were violated at the Upstate Correctional Facility in December 2016, and if so, what amount of damages should be awarded to Plaintiff as a result of the wrongful conduct of Defendants.

Plaintiff alleges that (1) Defendants Keating and Kelch failed to protect plaintiff during a mental health breakdown involving suicide attempts by swallowing a razorblade and then violently banging his head against the wall, and (2) Defendants Kemp, Marinelli, Kumar, and Mullens likewise failed to protect plaintiff by their ensuing display of medical indifference to plaintiff.

# LEGAL ISSUES

## I. Standard For Proving An Eighth Amendment Claim

To establish an Eighth Amendment claim, two showings must be made. First, "the deprivation alleged by the prisoner must be in objective terms 'sufficiently serious' such that the deprivation 'den[ied] the minimal civilized measure of life's necessities.'" *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996) (*quoting Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Second, because "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,'" the prisoner must prove facts indicating that the responsible prison official had "'a sufficiently culpable state of mind'" amounting to at least deliberate indifference—the subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (*quoting Wilson*, 501 U.S. at 297, 302-03).

Here, Plaintiff expects to prove at trial that Defendants exercised deliberate indifference towards his medical needs and a failure-to-protect by ignoring clear signs that Plaintiff was likely to attempt suicide, and by failing to provide adequate intervention and medical treatment when Plaintiff was in fact making these attempts. Because Defendants' failure to act evinces a conscious disregard of a substantial risk of serious harm, they engaged in "unnecessary and wanton infliction of pain" against Plaintiff in violation of the Eighth Amendment.

## II. Qualified Immunity

Qualified immunity is an affirmative defense that must be pleaded and proven by a defendant. *Tellier v. Fields,* 230 F.3d 511, 515 (2d Cir. 2000). "Qualified immunity protects prison officials from personal liability [for damages] under § 1983 when their 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Walker v. McClellan,* 126 F.3d 127, 129 (2d Cir. 1997) *(quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Defendants' qualified immunity defense fails because

Plaintiff's claims relate to the clearly established constitutional right to be free from cruel and unusual punishment under the Eighth Amendment. There is no question that, as a prison official, Defendants knew or should have known their actions would violate Plaintiff's rights. *Luna v. Pico,* 356 F.3d 481, 490 (2d Cir. 2004); *Stephenson v. Doe,* 332, F.3d 68, 78 (2d Cir. 2003). Accordingly, Defendants will be unable to establish that they are entitled to qualified immunity.

## CONCLUSION

For the reasons set forth herein, Plaintiff was the victim of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Dated: April 8, 2024
      Albany, New York

        **HODGSON RUSS LLP**
        *Attorneys for Plaintiff*
        *Kha'sun Creator Allah*


By: ___*s/Christian Soller*_____
        Christian Soller, Esq.
        Bar Roll No. 106248
        677 Broadway, Suite 401
        Albany, New York 12207
        Direct Dial: (518) 433-2445