**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────────

**KHA'SUN CREATOR ALLAH,**

                              **Plaintiff,**

        **vs.**
                                                              **9:19-CV-839**
                                                              **(MAD/CFH)**

**TIM KEMP, JOHN MARINELLI, DIANA**
**MULLEN, VIJAYKUMAR MANDALAYWALA,**
**and CASEY KEATING,**

                              **Defendants.**

─────────────────────────────────────────

**APPEARANCES:**                           **OF COUNSEL:**

**HODGSON, RUSS LAW FIRM**          **CHRISTIAN J. SOLLER, ESQ.**
677 Broadway, Suite 401
Albany, New York 12207
Attorney for Plaintiff

**OFFICE OF THE NEW YORK**          **RYAN W. HICKEY, AAG**
**STATE ATTORNEY GENERAL**          **BRITTANY M. HANER, AAG**
The Capitol                                   **OLIVIA R. COX, AAG**
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

        Plaintiff Kha'Sun Creator Allah commenced this action pursuant to 42 U.S.C. § 1983,

alleging that Defendants Tim Kemp, John Marinelli, Casey Keating, Diana Mullen, and

Vijaykumar Mandalaywala were deliberately indifferent to Plaintiff's medical needs and failed to

protect him while he was housed at Upstate Correctional Facility in violation of the Eighth Amendment.  *See* Dkt. No. 1.

Trial is scheduled to commence on April 30, 2024.  In advance of trial, Plaintiff and Defendants have moved *in limine* to admit and/or preclude certain evidence.  *See* Dkt. Nos. 83, 91.  Plaintiff seeks to preclude evidence of the following: (1) Plaintiff's criminal history; (2) Plaintiff's disciplinary history; and (3) prior lawsuits brought by Plaintiff.  *See* Dkt. No. 83. Defendants seek the following relief: (1) to introduce evidence of Plaintiff's criminal and disciplinaries histories; (2) to preclude evidence concerning a conspiracy; (3) to preclude evidence of Defendants' disciplinary histories, personnel records, and other lawsuits brought against them; (4) to preclude Plaintiff from requesting a specific dollar amount of damages from the jury; (5) to prelude reference to indemnification; and (6) to preclude evidence concerning dismissed claims. *See* Dkt. No. 91.  Plaintiff and Defendants responded in opposition to each other's motions.  *See* Dkt. Nos. 95, 96.

As set forth below, Plaintiff's and Defendants' motions are granted in part and denied in part.

## II. DISCUSSION

**A.  Motions *in Limine***

A motion *in limine* enables the Court to make an advance ruling on the admissibility of certain anticipated trial evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  "A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Coleman v. Durkin*, 585 F. Supp. 3d 208, 212 (N.D.N.Y. 2022).  Generally, all "[r]elevant evidence is admissible" unless otherwise provided by an Act of Congress, the United States

Constitution, or the Federal Rules of Evidence. FED. R. EVID. 402.  For instance, Rule 403 grants "the trial court broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative." *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989) (citing FED. R. EVID. 403; *United States v. Carter*, 801 F.2d 78, 83 (2d Cir. 1986); *United States Martinez*, 775 F.2d 31, 37 (2d Cir. 1985)).  Courts considering motions *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  The Court is also "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

### 1. *Plaintiff's Prior Convictions*

Plaintiff seeks to preclude Defendants from introducing evidence of Plaintiff's 1999 felony conviction for manslaughter in the first degree and criminal possession of a weapon in the second degree, and his 2006 felony conviction for assault in the second degree.  *See* Dkt. No. 83-1 at 2. Plaintiff was released from custody on July 11, 2019.  *See* Dkt. No. 91 at 1.  Defendants seek to cross examine Plaintiff about the "essential facts" of his convictions.  *Id.* at 2.

Federal Rule of Evidence 609 vests broad discretion in the district court to admit or exclude evidence of prior convictions.  *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984).  Rule 609 provides as follows:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

FED. R. EVID. 609.  Rule 609(a)

requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

*United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted).  In "balancing

probative value against prejudicial effect under [Rule 609], courts examine the following factors:

(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the

similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing, *inter alia*, *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)).  "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (emphasis omitted).

As an initial matter, Plaintiff argues that his 1999 and 2006 "convictions should be precluded as stale per Rule 609(b)."  Dkt. No. 83-1 at 2.  Defendants argue that Rule 609(b) is inapplicable because Plaintiff was released from incarceration five years ago.  *See* Dkt. No. 91 at 3.  Rule 609 limits the applicability of the ten-year provision to evidence where "more than 10 years have passed since the witness's conviction or release from confinement for it, *whichever is later*."  FED. R. EVID. 609(b) (emphasis added).

It is unclear if Plaintiff's release from incarceration was related to his 1999 or 2006 conviction.  If Plaintiff was supposed to be earlier released from the 1999 conviction, but for committing the later 2006 crime while still incarcerated, then it is possible that the 1999 conviction falls under Rule 609(b).

Such a conclusion is supported by a recent case out of the Eastern District of New York, wherein the court noted that "[t]he relevant date, for purposes of calculating the applicability of Fed. R. Evid. 609(b), shall be determined based on the date on which [the older] sentence for the [] Felony Conviction concluded, not the date on which [the plaintiff] was released from prison in connection with [a] concurrent sentence." *United States v. Clanton*, No. 23-CR-328, 2024 WL 1072050, *15 (E.D.N.Y. Mar. 12, 2024).  This was to avoid a situation where a "'[d]efendant's contemporaneous . . . conviction, which carried with it [a more] extensive sentence, [could be]

used to "piggyback" his [conviction] into the 10-year limitations period set out in Rule 609(b).'"
*Id.* (quoting *United States v. Pettiford*, 238 F.R.D. 33, 39 (D.D.C. 2006)); *see also Somerville v. Saunders*, No. 9:11-CV-556, 2014 WL 272415, *6 (N.D.N.Y. Jan. 24, 2014).

Because neither party provides the Court with Plaintiff's sentencing information, it cannot determine whether Plaintiff would have been released earlier had he not acquired the 2006 conviction. That information would determine the standard that the Court must apply in deciding whether to permit evidence of Plaintiff's 1999 conviction. However, even applying the balancing test under Rule 609(a) for both convictions, the Court concludes that the probative value is substantially outweighed by the prejudicial effect such that Defendants will be precluded from introducing evidence of the convictions.

As to the balancing factors, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness' propensity to testify truthfully, all felonies are not equally probative of credibility. *See Estrada*, 430 F.3d at 617-18. "[C]rimes of violence" rank low "on the scale of probative worth on credibility[.]" *Id.* at 618; *see also Thomas v. Leifeld*, No. 9:13-CV-321, 2018 WL 3387690, *2 (N.D.N.Y. July 12, 2018) ("[The p]laintiff's convictions for Rape in the First Degree, Attempted Rape in the First Degree, Sexual Abuse in the First Degree, Sexual Abuse in the Second Degree, and Assault in the Second Degree are not particularly probative as to honesty and veracity"). "[C]rimes that involve evasions of responsibility or abuse of trust" tend to be "high on the scale" of "veracity-related crimes[.]" *Estrada*, 430 F.3d at 618.

"'[T]he idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully.'" *Giles v. Rhodes*, No. 94-CV-6385, 2000 WL 1510004, *2 (S.D.N.Y. Oct. 10, 2000) (quoting *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992)). However, Plaintiff's prior convictions are for violent crimes, and "federal case law makes clear that murder, assault,

and weapons possession charges are not the types of crimes contemplated within the scope of Rule 609(a)(2)." *Espinosa v. McCabe*, No. 9:10-CV-497, 2014 WL 988832, *4 (N.D.N.Y. Mar. 12, 2014); *see also Coleman*, 585 F. Supp. 3d at 215 ("The jury will already have knowledge of these witnesses robbery convictions; eliciting the fact of an additional murder or sexual assault convictions would provide minimal impeachment value but could be significantly prejudicial to [the p]laintiff's case"); *Olutosin v. Gunsett*, No. 14-CV-00685, 2019 WL 5616889, *9 (S.D.N.Y. Oct. 31, 2019) (concluding that the first factor weighed against admission of evidence related to murder, attempted murder, and robbery convictions). Thus, this factor weighs against admission of evidence related to Plaintiff's convictions.

As to the second factor, Plaintiff was convicted in 1999 and 2006. *See* Dkt. No. 59-1 at 70-73. The Second Circuit has held that "convictions over ten years old [should] be admitted very rarely and only in exceptional circumstances." *Scotto v. Brady*, 410 Fed. Appx. 355, 360 (2d Cir. 2010) (quoting *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993)). As the convictions are approximately eighteenth and twenty-five years old, this factor weighs heavily in favor of preclusion.

"The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Somerville*, 2014 WL 272415, at *9 (quotation and quotation marks omitted). "On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause 'unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts.'" *Id.* (quoting *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993)). Here, there is no

similarity between Plaintiff's convictions and the conduct at issue in this trial.  As such, this factor weighs in favor of admission.

Finally, it is undisputed that Plaintiff's credibility is a central issue in this case.  "[W]here the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and 'success at trial probably hinges entirely on [the witness's] credibility with the jury,' the fourth factor weighs in favor of admission of the prior conviction." *Somerville*, 2014 WL 272415, at *10 (quoting *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011)).  The Court agrees that the credibility of the parties is important and that this factor weighs in favor of admitting the convictions.  However, the Court must consider the other factors as well as the standards set forth in Federal Rule of Evidence 403.

The relevant Rule 403 factors are: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.  Here, particularly as it relates to Plaintiff's manslaughter conviction, evidence related thereto "is highly prejudicial, because knowledge that Plaintiff was convicted of . . . murder could cause the jurors to evaluate his worth as a witness based on that conviction, regardless of its irrelevance to his . . . claim[s]." *Zulu v. Barnhart*, No. 9:16-CV-1408, 2019 WL 3239397, *2 (N.D.N.Y. July 18, 2019).  "As [P]laintiff's complaint concerns events that occurred during his incarceration [ ], the jury will be informed that [P]laintiff has been convicted of a crime by the very nature of the case." *Young v. Calhoun*, No. 85-CV-7584, 1995 WL 169020, *4 (S.D.N.Y. Apr. 10, 1995).  Additionally, the fact that Plaintiff's convictions occurred nearly twenty-to-thirty years ago leads the Court to conclude that they will have extremely minimal probative value.  *See Olutosin*, 2019 WL 5616889, at *9-10 (precluding details of thirty-two-year-old conviction).  The probative

value of the name, nature, and number of the convictions as well as the date and the sentence imposed is substantially outweighed by the danger of unfair prejudice.

Accordingly, the Court grants and denies the parties' motions in part: evidence that Plaintiff was currently incarcerated at the time of the underlying conduct because of felony convictions is admissible; the names, nature, dates, and sentences of the convictions are not. Of course, if Plaintiff opens the door on this issue by attempting to bolster his own credibility or raising the issue of his underlying convictions, Defendants will be permitted to cross-examine him on the relevant details of the convictions.

### 2. Disciplinary Histories, Personnel Files, and Prior Lawsuits

Plaintiff and Defendants seek to preclude evidence of their respective disciplinary histories. *See* Dkt. No. 83-1 at 4-5; Dkt. No. 91 at 8. Defendants seek to be permitted to question Plaintiff about his disciplinary history. *See* Dkt. No. 91 at 5-6. Specifically, Defendants seek to question Plaintiff about his disciplinary infractions for providing false information as probative of Plaintiff's veracity. *See id.* at 5-6. Both parties also seek to preclude evidence related to other lawsuits, and Defendants seek to preclude evidence of their personnel records. *See id.* at 8-9; Dkt. No. 83-1 at 5.

Rule 608(b) states that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness . . . ." FED. R. EVID. 608(b). Additionally, Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). The Rule "prohibits the introduction of character

evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 46 (N.D.N.Y. 2022) (citation omitted).  However, such evidence may be admissible if offered for a different purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," subject to a Rule 403 analysis.  FED. R. EVID. 404(b)(2).  Thus, "[c]ourts may admit evidence of prior bad acts if the evidence is relevant to an issue at trial other than the [person's] character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice." *United States v. Barret*, 677 Fed. Appx. 21, 23 (2d Cir. 2017) (citation and quotation marks omitted).

### a.  *Disciplinary Histories*

Defendants seek to introduce evidence of Plaintiff's disciplinary history insofar as Plaintiff's disciplinary history reveals infractions for providing false information.  *See* Dkt. No. 91 at 5-6.  Defendants provided the Court with a copy of Plaintiff's disciplinary history, which reflects five infractions for providing false information from 1999 to 2016.  *See* Dkt. No. 91-1 at 1-9.  Plaintiff argues that Defendants' request in their motion *in limine* to introduce evidence of Plaintiff's disciplinary history is "hypocritical at best" because they seek to preclude introduction of their own disciplinary histories.  Dkt. No. 96.

Generally, "'disciplinary records of a state ward plaintiff, *e.g.*, a prison inmate or psychiatric patient, are almost always inadmissible.'"  *Starmel*, 634 F. Supp. 3d at 46 (quotation omitted).  Although infractions for providing false information may be relevant to Plaintiff's character for truthfulness or untruthfulness, *see* FED. R. EVID. 608(b), the infractions that Defendants seek to introduce are from eight-to-twenty-five years ago.  *See* Dkt. No. 91-1 at 1-9.  Moreover, the disciplinary record submitted by Defendants does not provide the details

underlying each of Plaintiff's infractions such as whether Plaintiff was under oath when he provided the false information.  The record provides only the date of the infractions, that they were for "False Info.," and the resulting punishment.  *Id.* at 1-9.  Without additional information, the Court cannot determine whether the probative value of each infraction for providing false information is outweighed by the risk of unfair prejudice.  *See Jeanty v. Cerminaro*, No. 6:16-CV-00966, 2021 WL 2778572, *6 (N.D.N.Y. July 2, 2021) ("While a disciplinary conviction for false information may relate to a witness's credibility, the Court must consider whether the specific incident has probative value regarding the witness's credibility").  Based on the foregoing, the Court reserves ruling on the introduction of evidence concerning Plaintiff's disciplinary history, subject to Defendants providing the Court with additional information at the start of trial.

### b.  Prior Lawsuits

"It is well settled that it is improper for a court to admit evidence of prior lawsuits for the purpose of demonstrating that a plaintiff is a 'chronic litigant.'"  *Hickey v. Myers*, No. 09-CV-01307, 2013 WL 2418252, *4 (N.D.N.Y. June 3, 2013) (quoting *Outley v. City of New York*, 837 F.2d 587, 591-93 (2d Cir. 1998)).  "Prior lawsuits have been found admissible at trial, however, if they are offered for purposes other than to prove a party's litigiousness."  *Id.* (citations omitted).  Both parties state in their responses that they do not intend to offer evidence of either sides' litigation history.  *See* Dkt. No. 95, 96.  Therefore, this aspect of their motions is denied as moot.

### c. Personnel Files

Defendants seek to preclude evidence related to their personnel files.  *See* Dkt. No. 91 at 8-9.  Defendants argue that such evidence is irrelevant and unduly prejudicial.  *See id.*

"Complaints against officers are not probative of a . . . witness's truthfulness or untruthfulness unless the underlying conduct involves dishonesty."  *Bryant v. Serebrenik*, No. 15-

CV-3762, 2017 WL 713897, *2 (E.D.N.Y. Feb. 23, 2017) (citing *United States v. Horsford*, 422 Fed. Appx. 29, 30 (2d Cir. 2011)).  Plaintiff states that he only seeks a ruling that is consistent toward Plaintiff and Defendants.  *See* Dkt. No. 96.  Absent Plaintiff having evidence concerning the Defendants' propensity for truthfulness, their personnel files are irrelevant.  As Plaintiff does not present such evidence, or state an intention to introduce it at trial, Defendants' motion is denied as moot.

### 3.  Conspiracy

Defendants contend that, because Plaintiff has not advanced a conspiracy claim, he should be precluded from eliciting testimony or argument that Defendants conspired to harm him.  *See* Dkt. No. 91 at 7-9.  Plaintiff states that he does not intend to introduce evidence concerning a conspiracy.  *See* Dkt. No. 96.  Thus, Defendants' motion on this issue is denied as moot.

### 4.  Specific Amount of Damages

Defendants seek to preclude Plaintiff's counsel from presenting a specific dollar amount of damages to the jury.  *See* Dkt. No. 91 at 9-10.  Defendants argue that permitting a party to request a specific dollar amount is generally disfavored.  *See id.*  In response, Plaintiff states that he "intends to exercise his right to ask the jury for a specific dollar amount as compensation for his injuries.  Defendants will have ample opportunity to counter that request during their closing argument."  Dkt. No. 96.

"[T]he Second Circuit 'stated in the context of monetary awards *for pain and suffering* that 'specifying target amounts for the jury to award is disfavored.'"  *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 558 (E.D.N.Y. 2011) (quoting *Edwards v. City of New York*, No. 08–CV-2199, 2011 WL 2748665, *4 (E.D.N.Y. July 13, 2011); *Consorti v. Armstrong World Indus.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996)).  "In other contexts,

the Second Circuit has adopted a 'flexible approach' on this issue, holding that '[i]t is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions.'" *Id.* (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997)); *see also Marshall v. Port Auth. of New York & New Jersey*, No. 19-CV-2168, 2022 WL 17491006, *5 (S.D.N.Y. Dec. 5, 2022) ("In federal court, the trend of decisions thus has been to permit the plaintiff to submit to the jury during closing argument a specific dollar amount regarding compensable damages, if any, that he alleges he suffered as a result of a defendant's actions, without allowing plaintiff to submit to the jury a specific dollar amount regarding non-economic damages or an aggregate amount that includes non-economic damages").

Based on the foregoing, the Court will permit Plaintiff to suggest a specific dollar amount to the jury regarding only compensatory damages. Accordingly, the Court denies this aspect of Defendants' motion *in limine*.

### 5. Indemnification

Defendants argue that Plaintiff should be prohibited from discussing potential indemnification of Defendants should the jury find one or multiple Defendants liable. *See* Dkt. No. 91 at 10-11. Reference to potential indemnification is prejudicial. *See Nunez v. Diedrick*, No. 14-CV-4182, 2017 WL 4350572, *2 (S.D.N.Y. June 12, 2017) (holding that "the Court, like several other district judges in this Circuit, finds that references to . . . potential indemnification obligations would serve no probative value and potentially cause unwarranted prejudice"); *see also Coleman*, 585 F. Supp. 3d at 217 ("The Court agrees with [d]efendants that, during the upcoming trial, indemnification would not be relevant to any issue before the jury and would run a significant risk of unfairly prejudicing [d]efendants"). However, Plaintiff states that he does not

intend to introduce evidence of indemnification, such that this part of Defendants' motion is denied as moot.[1]

### 7. *Dismissed Claims*

Defendants seek to preclude evidence related to any of Plaintiff's previously dismissed claims. *See* Dkt. No. 91 at 11. In response, Plaintiff asserts that he does not intend to introduce such evidence. *See* Dkt. No. 96. The Court denies this aspect of Defendants' motion as moot.

## III. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions, Defendants' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 83) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 91) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 23, 2024
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Should the jury find that Plaintiff is entitled to an award of punitive damages, Plaintiff may be permitted to introduce evidence relating to an indemnification agreement. *See Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997) ("Although we do not decide the question of whether a fact-finder can rely upon the existence of an indemnity agreement in order to *increase* an award of punitive damages, we rule that a fact-finder can properly consider the existence of such an agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount that would otherwise be awarded").